# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA



UNITED STATES OF AMERICA

V.

**Gerald Phillipe Medina**
717 North Sierra Bonita Avenue
Los Angeles, California 90046

## CRIMINAL COMPLAINT

CASE NUMBER: 05-7305m

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about October 26, 2005 in the special aircraft jurisdiction of the United States, and during a commercial flight which landed in the District of Arizona, defendant Gerald Phillipe Medina did knowingly and intentionally assault and intimidate a flight attendant of a civil aircraft of the United States and interfere with the performance of the duties of the attendant and lessen the ability of the attendant to perform those duties, in violation of 49 U.S.C. § 46504. I further state that I am a Task Force Agent, assigned to the Joint Terrorism Task Force, Federal Bureau of Investigation and that this complaint is based on the following facts:

**See attached Statement of Probable Cause**

Continued on the attached sheet and made a part hereof:   ☐ Yes   ☐ No

AUTHORIZED BY: AUSA Joseph C. Welty

Todd Hopper, Task Force Agent, FBI
Name of Complainant

Signature of Complainant

Sworn to before me and subscribed in my presence,

October 27, 2005                                    at   Phoenix, Arizona
Date                                                     City and State

Edward Voss, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

STATEMENT OF PROBABLE CAUSE

Your affiant, being duly sworn, fully deposes and says to wit:

I am a Task Force Officer (TFO) of the FBI and have been so employed for over 4 years. I am currently assigned to Federal Bureau of Investigation (FBI) Joint Terrorism Task Force (JTTF). As part of my responsibilities on the JTTF, I am charged with investigating violations of statutes applying to Crimes Aboard an Aircraft - Interference With a Flight Crew.

On October 26th, 2005, I was advised of the following information by Sgt. T. Osborne of the Phoenix Police Department:

Sgt. Osborne had been advised of a passenger, Gerard Phillipe Medina, on United Airlines Flight #492, assaulted a flight attendant by poking her in the chest with a finger after she refused to provide him an alcoholic beverage while taxiing for takeoff. Gerard Medina continued to interfere with the flight crew after takeoff by demanding to be served alcohol while getting out of his seat. Medina also attempted to take alcohol from the service cart while the flight attendants were pushing the cart. After Pilot Gregory Wright was informed of the situation he conferred with Federal Air Marshal on board and it was decided the best course of action was to divert to Phoenix Sky Harbor Airport.

On October 26th, 2005, your affiant was contacted by Sgt. T. Osborne, of the Phoenix Police Department Airport Unit at Phoenix Sky Harbor International Airport. Sgt. T. Osborne told TFO Hopper that Gerard Phillipe Medina, a passenger on United

Airlines (UA) Flight 492, traveling from Los Angeles, California to Dallas/Fort Worth, Texas on 10/26/2005, had interfered with the flight crew during the flight, had physically assaulted a flight attendant, and had been placed under arrest by the Phoenix Police Department when the flight landed at Sky Harbor International Airport in Phoenix.

A copy of the Federal Air Regulation Report on the incident, filed by Officer B.J.Starr and Sgt. T. Osborne, which I have read, stated the following, based on the Phoenix Police Officers' interviews of UA Flight Attendants Linda Shieles, Kelley Mowery, Leanne Loui-Tanj and Pilot Gregory Wright:

Flight Attendant Mowery said that Medina boarded the plane in Los Angeles, California, and while taxiing for takeoff at approximately 1240 hours, Medina started asking Flight Attendant Linda Shieles for a Bloody Mary. Shieles advised Medina she could not because they were about to take off. After take off, Medina approached Flight Attendant Shieles in the aft galley and requested Jack Daniels. Shieles refused his request and ordered Medina to return to his seat. Medina refused and at one point he began poking Shieles in the chest demanding alcohol. Flight Attendant Mowery added that Medina continued to interfere with the flight crew by getting out of his seat and continuing to demand alcohol. Medina also attempted to take alcohol from the service cart as it was pushed down the aisle by flight attendants.

Flight Attendant Loui-Tanj advised a passenger told her she had seen Medina swallowing at least two Valium tablets while on the aircraft.

Pilot Gregory Wright stated that after being advised of Medina's disruptive actions, he conferred with a Federal Air Marshal on board and advised him he would allow the use of restraints on Medina. According to Wright the Air Marshal was concerned that restraints would escalate the situation into a physical fight and recommended the flight be diverted and have Medina removed from the aircraft. Pilot Wright agreed with the recommendation and landed at Phoenix Sky Harbor Airport.

Flight Attendant Shieles also advised that Medina had attempted to urinate in the aft galley area but Shieles and Flight Attendant Mowery pushed him into the aft restroom. Medina then urinated all over the aft restroom.

Upon entering the aircraft, Phoenix Police officers B.J. Starr and Dierks observed Medina sitting in seat 6C with a blanket over his head. The officers reported that Medina appeared to be passed out. Medina was assigned to seat 17D but during his disruptive behavior decided to sit in seat 6C. Officer Dierks woke Medina up and escorted him off the aircraft. Paramedics responded to check the welfare of Medina in case he had overdosed. The paramedics advised Medina was not in danger.

Sgt T. Osborne stated reported that Medina had stated to him that he had been removed from a commercial flight in the past.

TFO Todd Hopper advised Medina of his Miranda Warnings at 1607 hours. Medina was asked if he understood his rights and he answered, "Yes I did." TFO Hopper asked Medina what had occurred on the flight in which he was removed. Medina stated that he did not know. Medina said he went to sleep and was woken up by officers. TFO Hopper asked Medina if he had been drinking and he advised that he had been drinking Johnnie Walker and Coke. Medina stated he used to shoot heroin but no longer does. Medina said he was en route to Dallas from Los Angeles on business.

TFO Hopper asked Medina what he remembered about the confrontation on the aircraft. Medina stated there was no confrontation on the aircraft. TFO Hopper asked Medina where he would place his level of intoxication based on the following information: The number one indicating being totally sober and the number ten representing falling down drunk, Medina stated he would be a number 4. When TFO started explaining number 1 as being sober, Medina interjected "Not me."

TFO and SA Kevin McBrien of the FBI observed that Medina's speech was slurred and he had mood swings from cooperativeness to defiant behavior. Medina also displayed symptoms of confusion by having to be repeatedly told during the course of contact with him of the reasons he was being arrested. TFO Hopper and SA McBrien also observed Medina to have difficulty in maintaining his balance when standing.

Gerard Phillipe Medina, is described as follows:

|  |  |
|---|---|
| Sex: | Male |
| Race: | White |
| Date of Birth: | July 3rd, 1956 |
| Height: | 6 feet, 0 inches |
| Weight: | 145 pounds |
| Eyes: | Brown |
| Hair: | Brown |

Based on the above facts your affiant believes there is probable cause to believe that Gerard Phillipe Medina is in violation of Title 49, U.S.C. Section 46504, Interference With a Flight Crew

Todd A. Hopper
Joint Terrorism Task Force Officer
Federal Bureau of Investigation

Sworn before me this 27th day of October, 2005

Lawrence O. Anderson
U.S. Magistrate Judge
District of Arizona